DE ROCHIER v. UNITED STATES et al.
No. 14939.

District Court, W. D. Washington, N. D.
July 16, 1947.

Edwin J. Friedman, of Levinson & Friedman, of Seattle, Wash., for libelant.

J. Charles Dennis, U. S. Atty., and Bogle, Bogle & Gates, all of Seattle, Wash., for the United States.

Bogle, Bogle & Gates, Edward S. Franklin and Robert V. Holland of that firm, all of Seattle, Wash., for Pacific-Atlantic S. S. Co.

FOLEY, District Judge.

Libelant, Lyle DeRochier, was 20 years of age at the time of the injury of which he complains. His experience as an oiler covered a period of about one year. The injury was sustained in DeRochier's attempt to carry out an order of one Charles E. Haub, the Third Assistant Engineer of the SS Walter Forward. The extent of the instructions offered by respondents to libelant is shown by the question and answer of the Engineer, Charles E. Haub, in his deposition:

"Q. Do you recall in substance what you said to DeRochier when you directed him to assist on the job with the valve? A. As far as I recall, I said, 'Just watch it. Be careful.' I forget just what I said. The First, as he said in his statement, had warned Mr. Trulleman to be careful. And he had warned that there may be pressure on the line. It is general practice when

moving any valve or any bonnet from the valve to leave a couple of threads, just to be sure there isn't any pressure."

No instructions or directions were given to DeRochier other than the order to take the valve off and grind it. The Third Engineer knew the danger and should have instructed DeRochier fully as to a safe method to carry out the order. Klauder-Weldon Dyeing Machine Co. v. Gagnon, 2 Cir., 183 F. 962. No licensed engineer watched the progress of this work or was present when it was performed.

The Court, having heard the testimony and having examined the proofs offered by the respective parties, and the cause having been submitted for decision, now finds the facts and states conclusions of law as follows:

### Findings of Fact

1. That the SS Walter Forward is a merchant vessel of the United States and that at all times material herein was owned and operated by War Shipping Administration of the United States of America and that Pacific-Atlantic Steamship Company, a corporation, was acting as service agent with respondent United States of America under a general agency agreement; that respondents employed the libelant, Lyle DeRochier, as an oiler on a voyage commencing at New York on the 2nd day of January, 1946; that said libelant is a resident of the City of Seattle, State of Washington.

2. That on or about the 21st of January, 1946, at about the hour of 9:30 a. m. while said vessel was in navigable waters at Houston, Texas, libelant, in the course of his employment and by order and direction of Charles E. Haub, then Third Assistant Engineer of said vessel, attempted to and did remove a cap or bonnet of a valve of said vessel; that respondents did not, by or through said Third Assistant Engineer, or otherwise or at all, warn libelant of the danger then and there existing of a quantity of hot water and steam being thrown upon libelant in his attempt to perform and carry out the said order of respondents; nor did the respondents, or either of them or any of their agents, instruct and inform libelant as to a safe method of performing and carrying out the said order of the Third Assistant Engineer; and that neither the Chief Engineer or any of the Assistant Engineers was present in the engine room at the time libelant was working upon said valve; that it was the duty of respondents to warn and inform libelant of such danger and to instruct him as to a safe method of performing and carrying out the said order of respondents' Third Assistant Engineer; and that as a direct and proximate result of the negligence of respondents in failing to so warn and inform libelant as aforesaid, libelant received a severe burn on his right arm and forearm requiring him to leave said vessel and become hospitalized at the United States Marine Hospital at Galveston, Texas, remaining there until February 5, 1946.

3. That from the date of said injury January 21, 1946, to February 25, 1946, the libelant was totally incapacitated by reason of said injury from following his usual occupation.

4. That from February 6, 1946, to February 25, 1946, libelant was not confined in a United States Marine Hospital.

5. That at the time of receiving said injury, libelant was an able bodied man of the age of twenty years capable of earning and actually earning the sum of $155 per month, and overtime, as a seaman.

6. That libelant was discharged from the United States Marine Hospital, Galveston, Texas, February 5, 1946, and next entered a United States Marine Hospital February 25, 1946, at Seattle, Washington, where he remained until March 11, 1946; that his confinement in the Marine Hospital at Seattle was for causes other than the injury, the subject matter of this action. That libelant arrived in Seattle, February 18, 1946; that from February 18, 1946, to February 25, 1946, libelant resided at the home of his mother in Seattle.

### Conclusions of Law

From the foregoing facts the Court decides:

1. That libelant is entitled to judgment against respondents on his first cause of action as follows: $222 as wages he would have earned if he had not been injured and incapacitated from January 21, 1946, to

February 25, 1946; and $750 as compensation for the physical pain and suffering occasioned by the negligence of the respondents; a total sum of $972 on the first cause of action.

2. That libelant is entitled to judgment on his second cause of action as follows: Maintenance from February 6, 1946, to February 25, 1946, at $5 per day or $100; and that he is entitled to payment of wages he would have earned from the 21st day of January, 1946, until the end of the voyage March 13, 1946, plus overtime, in the sum of $318.60; less $222 awarded as wages on his first cause of action; or the sum of $196.60.

Let judgment be entered accordingly.